Kathleen M. Dickson
Lara E. Dickson
Diane M. Dickson
David D. Dickson, et al,
And on behalf of all Families and
Children of the State of Connecticut

In the cause of a class action: DOCKET CA- 05- 328 **-T**

v. STATE OF CONNECTICUT

US DISTRICT COURT
1 Exchange Terrace
Providence, Rhode Island 02903

11 OCT 2005

**MOTION TO DENY DEFENDANT'S MOTIONS and for a CONTINUANCE**

The Plaintiffs request that all motions by the Defendant not be granted on the following grounds:

1) Attorney General Richard Blumenthal himself should be representing the State, since he is most familiar with the "controversy" over Lyme disease and he was contacted by the Plaintiff on numerous occasions, in addition to hosting 2 public hearings on **Lyme** disease, in 1999 and 2004.

2) No Child Protection attorney general who represents the State of Rhode Island should be in contact with any CT state's attorney, since they are of the same corrupt persuasion and are familiar with the CPS' agents' extensive practices of defrauding the courts and lying to the police. **CT's** Assistant Attorney Generals who work for the Child Protective Services have zero integrity and this is well known to the residents of CT. Recently a former attorney who worked in the CT CPS courts reported an Assistant AG for defrauding the courts and the whistleblower:

> ***"Mary Ann Mierzwa, was "fired from her job as a court services officer in juvenile court in Hartford, Conn., is suing the Judicial Branch in federal court under state whistleblower, workplace free speech and federal civil rights laws.***

*Last April, state Judicial Branch attorney Mary Ann Mierzwa claims she witnessed what seemed to be a breathtakingly audacious breach of lawyer ethics: an assistant attorney general representing the Department of Children and Families altered a judge's order apparently to get the result the AAG was advocating.*

***When** the judge in the case, William Wollenberg, appeared unwilling to vigorously pursue the matter, Mierzwa took matters into her own hands and consulted a West **Hartford** attorney about her legal rights and ethical duties.*

*As evidence, she provided the lawyer, Leon Rosenblatt, with a redacted copy of the allegedly altered order -- and was **subsequently** suspended, then fired for going outside the Judicial Branch **"chain** of command" and showing Rosenblatt the form without a court order authorizing her to do so. **Mierzwa's** now suing the Judicial Branch in federal court under state whistleblower, **workplace free** speech and federal civil rights laws." === **from** Court Lawyer Whistleblower Fired Over Ethics Breach **'Crusade'** Thomas B. **Scheffey**, The Connecticut Law Tribune, 12-29-2004*

Therefore there is independent substantiation of the nature of this complaint as regards Child Protective Services defrauding the CT courts and civil rights abuses. They are sneaky, cowardly, they lie to everyone, file totally false police complaints, and are not lawyers in the usual sense. More and more examples of their outrageous behavior of falsifying documents and the like, has come to light since people have learned of this class action. CPS lawyers believe they are above the law and their behaviors are often a clear sign of mental illness. Plaintiff will elaborate in another section of this motion.

3) A CT DCF Supervisor, Valerie Miles, was arrested for fabricating evidence and tampering with a witness by the Hartford, CT Police. The Plaintiff gave the Officer involved the evidence that CT **AAG** Jessica Gauvin filed a false Police report to the Berlin, CT Police as regards Plaintiff Dickson. The Hartford Police Officer turned this evidence over to the CT State's Prosecutor's Office. If Jessica Gauvin is not **arrested** and charged with filing a false police report in the near **future,** that non-action will demonstrate the necessity for this case to be heard

in Rhode Island. The State of CT essentially dropped the charges against the Plaintiff as of October 4,2005, by reducing the Plaintiff Dickson's sentence for Jessica Gauvin's psychosis by one year. This "probation" will be over on Dec 7,2005 instead of 2006, after the Plaintiff also copied in the New Haven FBI, this court, the federal court in Hartford, and the CT Chief State's Attorney, Christopher Morano. Plaintiff wanted a trial as regards the false arrest so that she could prove Gauvin filed a false police report, publicly humiliating Gauvin at the very least. Plaintiff was not given that option or the notification of a pending new plea bargain until she stood before the Judge Patrick J. Clifford October 4,2005. Plaintiff Dickson will persist in assuring **justice is carried out under the law,** as regards the criminal behavior of AAG Jessica Gauvin.

Plaintiff Dickson is extremely weakened by Lyme disease and is autistic and "lacks spontaneity." Plaintiff Dickson also had incompetent legal defense as regards her false criminal charges, but such is the nature of the CT DCF ruining people's lives and personal fortunes over total nonsense. Plaintiff lost over $100,000 of her Pfizer retirement as well as her children due to this relentless insanity known as the CT DCF and had to settle for a Public Defender. Plaintiff has Lyme disease as do her children yet she must file a suit against the State of CT, rather than the State of CT being competent to their own statutes or even willing to accept the humiliation for not taking the national lead on Lyme disease, when Lyme is Connecticut's disease. For the Plaintiff to be suing "The Constitution State" over broad-reaching and -ranging civil rights abuses, is preposterous but entirely necessary.

4) The Connecticut State Police are so well-known to be corrupt, that the new Commissioner, Leonard Boyle, has requested:

> *"With complaints against the state police internal **affairs** division mounting, Public Safety Commissioner Leonard C. Boyle Friday asked the New York State Police to independently investigate allegations of questionable tactics used by the unit."* --- *October 8, 2005 **Hartford** Courant.*

This condition substantiates this Complaint and the necessity for it to be heard in another state.

**5) MOTION TO CONTINUE**

If it is possible that the State of RI has not heard about "Nigger Free Radio," residents near the town of Bristol allege to have heard about racist broadcasts by Bristol, CT police officers:

> *"The issue explosively resurfaced last week, when the NAACP and state Rep. Roger Michele, D-Bristol, held **a press** conference to accuse Valentine and Capt. Daniel Britt of being involved in **WNFR**. The NAACP **identified** the unlicensed call letters as Nigger-Free Radio. Just hours **after** that story became public, Valentine put in for immediate retirement and Britt was put on administrative leave. Neither has publicly answered the allegation. Britt, the department's second in command, was expected to meet with his lawyer and city personnel officials on Tuesday, possibly to discuss retirement benefits."*--- *Sep. 20, 2005, Copyright 2005, Hartford Courant* ***Bristol Takes More Heat,***
> *NAACP Accuses City Police Of Racial Profiling*
> *September 21, 2005 By DON STACOM, Hartford Courant **Staff** Writer*

All of the CT NAACP members expressed full knowledge of the nature and extent of the racism in Connecticut already mentioned in previous documents of record of this Complaint. On August 2,2005 the DCF Commissioner was asked what percentage of children in the pediatric prison (which the current Governor ordered to close the day before, August 1,2005, were of color), and she responded 82%. The depth and breadth of this broad civil rights class action was greater than even the Plaintiff knew, and therefore Plaintiff motions for a continuance, in order to gather more names, cases, and consultations.

6) The Plaintiff requests the Federal Court in Rhode Island to be aware of the nature of the Plaintiffs personal civil suit against the State of CT and Yale University for the weight it may carry as regards Plaintiffs statements regard the Borderline behavior CPS prosecutors and the validity of State of CT's Psychiatric "experts" in section 2) of this complaint. None of the State of CT's forensic experts would be without prejudice by nature, most are from Yale University, at least 4 of Yale Psychiatry staff or graduates have produced fraudulent and **perjurous** testimony (Kenneth Marcus, Christopher Gottschalk, James Phillips and Patricia Leebens), and as regards Yale's complicity in the Lyme racketeering complaint, and therefore the case must be heard in another jurisdiction. Plaintiff Dickson participated in the April 2002 Lyme Hearings in Rhode Island in which legislation was passed to protect Lyme treating physicians from harassment. No such legislation exists in Connecticut.

This suit should not be prosecuted in CT. Yale and the State of CT's psychiatric forensic experts are incompetent as they have admitted, and as demonstrated in the **Plaintiff's** CT civil rights complaint being heard in the District of Connecticut (Judge Christopher Droney) dated this same date. In two months time we had the closing of the racist-oriented pediatric prison, "Nigger-Free Radio," the State Police admittedly unable to police themselves, and the Plaintiff for all intents and purposes was exonerated from the false criminal complaints. The State of CT knew the Plaintiff was not guilty of "harassment and threatening," and had to admit it because they had no choice.

This complaint should not be dismissed, not be defended by anyone other **than** AG Richard Blumenthal, not involve anyone who is familiar with CPS' **frauds** and illegal behaviors, evidence

shows the Plaintiffs need more time to cover all the areas of **corrupt-influenced** civil rights abuses. The Defendant hasn't even had the courage to admit they are guilty and either default or offer an agreement (such as request to come to the table to negotiate on at least some of the claims, ie. Admit to their incompetence on vector borne diseases, provide an independent tick-borne diseases institute and oversight committee - independent of Yale, or offer an independent citizen's oversight committee as regards the courts and the police, or introduced legislation to open the DCF courts), despite the obvious.

None of the Defendants motions should be granted. Their arrogance shows few signs of abating with the exception of the former candidate for Chief State's Attorney, Leonard Boyle. Boyle, who was passed over in favor of the selection of Christopher Morano as the Chief State's Attorney, is now taking action towards accountability and integrity, as Commissioner of the State Police. The reason Morano was chosen over Boyle- who had a record of investigating political corruption - was that: **"The Governor [Rowland] wanted Morano, a safe pair of hands." --** from - "While Connecticut Slept, What's a Nice State like Ours Doing in This Mess? By Kevin F. **Rennie,** May 30 2004.

Morano has **never,** in the two plus years since he started his "Office of Public Integrity" and Plaintiff Dickson started filing complaints, answered the Plaintiff **Dickson's** complaints**,** rendering this **Office** of Public Integrity to not only be a joke, but having a distinct Orwellian flavor.

**CERTIFICATION**

**This is to certify that the foregoing was faxed/mailed to:**

**AG RICHARD BLUMENTHAL**
**55 ELM STREET**
**HARTFORD, CT 06106**
**860-808-5387**

**This 11th Day of October 2005**

**Kathleen M. Dickson, et al**
**23 Garden Street**
**Pawcatuck, CT 06379**

**ORDER- Re: MOTION TO DENY DISMISSAL CA- 05-328-Torres**

The forgoing motion having been considered is hereby ordered: **GRANTED/DENIED**

**JUDGE** **DATE**

**ORDER- Re: MOTION TO CONTINUE CA- 05-328-Torres**

The forgoing motion having been considered is hereby ordered: **GRANTED/DENIED**

**JUDGE** **DATE**