FILED
OCT 28 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATHLEEN M. DICKSON *Plaintiff* | : | CIVIL ACTION NO. CA-05-328-T |
| v. | : | |
| STATE OF CONNECTICUT *Defendant* | : | OCTOBER 27, 2005 |

**MOTION FOR ENLARGEMENT OF TIME TO FILE MOTION TO DISMISS OR RESPONSIVE PLEADING**

In accordance with Rule 6 of the Federal Rules of Civil Procedure, the defendant, State of Connecticut, moves for a twenty-day enlargement of time to file a motion to dismiss or responsive pleading. In support of this motion, the undersigned avers:

1. The plaintiff, appearing *pro se*, filed the present action against the State of Connecticut. Thereafter, the *pro se* plaintiff filed two amended complaints and other voluminous pleadings with this Court.

2. The undersigned counsel, Assistant Attorney General John Tucker, filed a motion dated September 20, 2005 to appear *pro hac vice* on behalf of the State of Connecticut. On October 25, 2005, this Court granted the motion to appear.

3. This is the defendant's first request for enlargement of time. The defendant was unable to file this motion for enlargement of time until this Court acted on the motion to appear *pro hac vice*, which this Court granted on October 25th and was received by the undersigned by fax on October 26, 2005.

4. Assistant Attorney General Tucker left a voice message for the plaintiff (Tel: 860-599-5451), on October 26, 2005. The plaintiff returned this call on October 27, 2005 and indicated

that she has "no comment" with respect to the present motion. Thereafter, the plaintiff called back and indicated that she intended to fax a letter with her position. That letter, dated October 27, 2005, attached as Exhibit A, does not appear to be responsive to defendant's request for enlargement of time.

5. The *pro se* plaintiff is a resident of Connecticut and the allegations in her complaint pertain to events occurring in Connecticut. There is no connection to this jurisdiction. It is the defendant's intention to file a motion to dismiss to raise lack of subject matter jurisdiction, improper venue, lack of personal jurisdiction and sovereign immunity as grounds for dismissal. However, due to the busy professional schedule of the undersigned, the defendant requires additional time to prepare this motion. The undersigned, Assistant Attorney General Tucker, represents that he has pressing deadlines in several state court cases and a brief due on November 2, 2005 in the United States Supreme Court.

6. If this motion is granted, the motion dismiss would be due on or before November 17, 2005.

7. Granting this motion is consistent with the goal of securing a just, speedy and inexpensive resolution of the present action. Rule 1 of the Federal Rules of Civil Procedure.

**WHEREFORE**: The undersigned respectfully moves for a twenty day enlargement of time to file a motion to dismiss or responsive pleading.

STATE OF CONNECTICUT

DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /S/

John E. Tucker
Assistant Attorney General
Office of the Attorney General
State of Connecticut
Federal Bar No. ct 04576
110 Sherman Street
Hartford, CT 06105
E-mail: John.Tucker@PO.State.CT.US
Tel: (860) 808-5480
Fax: (860) 808-5595

GRANTED

Ernest C. Torres
Chief, US District Judge

11/3/05

LOCAL ASSOCIATE COUNSEL

BY: /S/

James R. Lee
Assistant Attorney General
Department of the Attorney General
State of Rhode Island
R.I. Bar No. 4305
150 South Main Street
Providence, RI 02903
Tel: 274-4400
Fax: 222-2995

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 27th day of October, 2005, first class postage prepaid to:

Ms. Kathleen M. Dickson
23 Garden Street
Pawcatuck, CT 06379
(Plaintiff)

John E. Tucker
Assistant Attorney General

AAG John Tucker
Fax 860-808-5590

27 October 2005

Dear Mr. Tucker,

1) We could decide that I am correct, and Jessica Gauvin defrauded the courts and lied to the police, that I am not a danger to my children, that I am not insane, and that my children are to be returned to me. The State could openly apologize for their crimes against my family.

We could decide that the State needs to hear a full accounting of the Lyme disease racketeering crimes in a hearing where the witnesses are sworn. You can subpoena Erol Fikrig of Yale University. I will ask questions for the record of the State. The State can legislate that physicians who practice in the State musts become certified in the treatment of vector borne diseases, which will be based on the real scientific data- which we will sort out from the spin. CT can have a scientific hearing like RI had in 2002 and bring the same other experts.

2) We could decide to hear the ALL evidence of the illegal shenanigans of the CT DCF, in another public hearing, and the State could acknowledge that they have screwed up as regards wasting money on the DCF- since the State already has admitted that. These hearings will take place over several days, since there are so many dimensions to the DCF's crimes. **ALL of the DCF's criminal behavior, need to be heard.** Patricia Leebens can acknowledge that she defrauded the court with her TOC and be dismissed from State employment, as can Jessica Gauvin.

We could legislate that false DCF allegations, perjury, and falsification of DCF records of any kind is punishable under the law, swiftly, and that false allegations are ALL to be removed from ALL person's DCF records. The record should be discarded. The legislators will decide the DCF trials REALLY need to be open to the public. DCF staff are not intelligent enough to handle matters of children, and this is beyond arguing.

In my case, Nancy Martin and Carolyn Martin must be prosecuted. I have the evidence that they lied to the DCF, and the evidence that the DCF (Gauvin) knows they lied. We can also decide that Donald G. Dickson filed false allegations against myself, and that I never said I would drive my children into a lake, and that in fact, Donald Dickson left the children with me for 3 weeks this summer because he knew I was not going to kill them.

Obviously I did not kill the children. Donald Dickson can be prosecuted for filing false allegations to the DCF.

3) The State could acknowledge the science that says all psychotropics are brain damaging and that parents must sign off on treatment after they have been fully informed of the scientific data which shows that all psychotropics are brain damaging. This will take another hearing. I will present the science. BigPharma can rebut it, I will prevail. This exercise will demonstrate what questions to ask BigPharma as regards these medications, since the FDA doesn't seem to know.

4) The State can acknowledge the racial profiling, have another public hearing, and set up an independent forum for residents to address the complaints of the black/colored people in this state. I will give testimony to the racism I witnessed in the prison, and the prisons will allow interviews with independent counsel as to their abuse by the prison guards. There should be a new system in place in the prisons, where complaints are NOT TOUCHED by the prison staff and are kept fully confidential.

If the State intends to take the lead on science, the legislators and the public need to know what science is. I am an expert in SCIENTIFIC VALIDITY. This I clearly need to teach the State.

Or, we can have a lawsuit and I can continue to make an enormous stink.

Kathleen M. Dickson
KmDickson

Exhibit A