UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATHLEEN M. DICKSON, and on behalf of Lara E. Dickson Diane M. Dickson, David D. Dickson, et al., and on behalf of all Families and Children of the State of Connecticut, Plaintiffs, | : | |
| v. | : | CA 05-328 T |
| STATE OF CONNECTICUT, Defendant. | : | |

**ORDER**
**TO FILE MOTION**
**FOR LEAVE TO AMEND**

Before the court is Plaintiff's Motion to Amend (Document ("Doc.") #13). To put the Motion to Amend in context, some background is required. Plaintiff filed a Complaint (Doc. #1) on July 28, 2005. On August 4, 2005, she filed an Amended Complaint and Motion (Doc. #2), and on August 22, 2005, she filed another Amended Complaint (Doc. #4).

Federal Rule of Civil Procedure 15(a) provides in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. **Otherwise a party may amend the party's pleading only by leave of court** or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a) (bold added). Because no responsive pleading had apparently been filed or served, Plaintiff did not require permission from the court or consent of the adverse parties to file her Amended Complaint on August 4, 2005. See id.

However, having filed one Amended Complaint, Plaintiff could not file a second Amended Complaint without permission of the court or consent of the adverse parties. Plaintiff did not have such permission or consent when she filed her second Amended Complaint (Doc. #4) on August 22, 2005. Thus, that document is not the operative complaint.

The instant Motion to Amend has confused an already confusing situation. Accordingly, if Plaintiff desires to amend the Amended Complaint (Doc. #2) which she filed on August 4, 2005, **Plaintiff is directed to file a "Motion for Leave to File a Second Amended Complaint" and to attach to the motion a copy of her proposed amended complaint.** The proposed amended complaint shall:

1. be titled "Proposed Second Amended Complaint;"
2. be a complete document which can be fully understood without referring to other filings;[1]
3. comply with Federal Rule of Civil Procedure 8(a).[2]

Plaintiff shall file her Motion for Leave to File a Second Amended Complaint with an attached copy of the proposed Second

---

[1] It appears from the Motion to Amend that Plaintiff is under the impression that she may amend her previous amended complaint merely by filing the Motion to Amend, believing that the two documents will be read in conjunction with each other. If so, Plaintiff is mistaken. The operative complaint in an action must contain all the plaintiff's claims and must be capable of being understood without reference to other filings.

[2] Federal Rule of Civil Procedure 8(a) provides in relevant part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief ... shall contain **(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief,** and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a) (bold added).

Amended Complaint by December 7, 2005. Failure to do so will result in the denial of the instant Motion to Amend.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
November 16, 2005

BY ORDER:

Deputy Clerk