**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KATHLEEN M. DICKSON<br>*Plaintiff* | : | CIVIL ACTION NO.<br>CA-05-328-T |
| v. | : | |
| STATE OF CONNECTICUT<br>*Defendant* | : | NOVEMBER 15, 2005 |

**MOTION TO DISMISS**

Pursuant to Rule 12 (b) (1), (2), (3) and (6) of the Federal Rules of Civil Procedure, the Defendant, State of Connecticut, respectfully moves for dismissal of this action, based upon lack of subject matter and personal jurisdiction, improper venue and failure to state a claim upon which relief may be granted. The grounds of this motion are set forth with greater particularity in the accompanying memorandum of law.

No Oral Argument Requested/
No Testimony Required

STATE OF CONNECTICUT

DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /S/________________________

John E. Tucker
Assistant Attorney General
Office of the Attorney General
State of Connecticut
Federal Bar No. ct 04576
110 Sherman Street
Hartford, CT 06105
E-mail: John.Tucker@PO.State.CT.US
Tel: (860) 808-5480
Fax: (860) 808-5595

LOCAL ASSOCIATE COUNSEL

BY: /S/________________________

James R. Lee
Assistant Attorney General
Department of the Attorney General
State of Rhode Island
R.I. Bar No. 4305
150 South Main Street
Providence, RI 02903
Tel: 274-4400
Fax: 222-2995

# CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 15th day of November, 2005, first class postage prepaid to:

Ms. Kathleen M. Dickson
23 Garden Street
Pawcatuck, CT 06379
(Plaintiff)

John E. Tucker
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KATHLEEN M. DICKSON<br>*Plaintiff* | : | CIVIL ACTION NO.<br>CA-05-328-T |
| v. | : | |
| STATE OF CONNECTICUT<br>*Defendant* | : | NOVEMBER 15, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Background:**

The plaintiff, a resident of Connecticut who has appeared *pro se*, filed this action against the State of Connecticut. The initial complaint was filed July 28, 2005. Thereafter, the plaintiff filed amended complaints on August 4, 2005 and August 22, 2005. The plaintiff offers a rambling, lengthy diatribe against several Connecticut state agencies, including: the Department of Children and Families (hereinafter "DCF"), the Department of Mental Health and Addiction Services, the Department of Mental Retardation, the Division of Criminal Justice and the Office of the Attorney General. The plaintiff includes a discussion of Lyme Disease. The gist of the complaint appears to be that in the plaintiff's opinion the above listed Connecticut agencies are not competently fulfilling their statutory responsibilities.

There is no allegation that the matters discussed in the complaint or that the plaintiff herself have any connection with the District of Rhode Island.

The plaintiff's latest pleading, the amended complaint dated August 22, 2005, does not include a prayer for relief. However, as reflected in the original complaint, it appears that the primary relief sought by the plaintiff is $100,000,000.00 in damages. The plaintiff also seeks the

following injunctive relief: that DCF "be dissolved completely and all related DCF statutes be stricken from Connecticut General Statutes", for this court to establish a "forum for redress of all DCF perjury committed in the last 15 years, and the return of fraudulently taken children", the establishment of a research clinic for vector borne diseases to be named "the Hospital of the Immaculate Heart", and for this court to order the criminal prosecution of various individuals, including the Assistant Attorney General who prosecuted the plaintiff's child protection case, the former commissioner of DCF and the former head of the Office of Policy and Management.

The plaintiff filed motions for appointment of counsel and relief directed to ongoing legal proceedings in Connecticut. This Court (*Martin, U.S.M.J.*) denied these motions on October 19, 2005 and October 24, 2005 respectively.

**Argument:**

**I. ACTION SHOULD BE DISMISSED FOR WANT OF SUBJECT MATTER JURISDICTION.**

**A. No Jurisdictional Statement.**

The plaintiff's rambling complaint does not provide this Court any basis to exercise subject matter jurisdiction. Rule 8 (a) of the Federal Rules of Civil Procedure provides that the complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."

The plaintiff has asserted no basis for this Court's jurisdiction, including, what presumably is the operative pleading, her latest amended complaint dated August 22, 2005.[1] As

---

[1] An amended complaint generally supercedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *King* v. *Dogan*, 31 F. 3d 344 (5th Cir. 1994); *Lubin* v. *Chicago*

this Court (*Martin, U.S.M.J.*) has already observed in its October 19, 2005 ruling denying the plaintiff's motion for appointment of counsel: "Plaintiff cites no statute or other authority which would allow this court to exercise jurisdiction . . . . The court is unaware of any grounds which would give it jurisdiction in this matter." (Order Denying Appointment of Counsel dated 10/19/05)

**B. Sovereign Immunity Bars Action**

It is well established that sovereign immunity bars claims against the state for money damages except where sovereignty is expressly and unambiguously abrogated by the legislature. *Alden* v. *Maine*, 527 U.S. 706, 750 (1999) (claims against the state especially claims for money damages are barred).[2] *See Ford Motor Co.* v *Department of Treasury*, 323 US 459, 464 (1945) ("when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit . . . ."); *Florida Department of State* v. *Treasure Salvors, Inc.*, 458 U.S. 670, 689-90 (1982) (if an action "is allowed to proceed against the officer only because he acted without proper authority, the judgment may not compel the state to use its funds to compensate the plaintiff for the injury"); *Kentucky* v. *Graham*, 473 U.S. 159, 169 (1985) (the bar of sovereign immunity "remains in effect when state officials are sued for damages in their official capacity"); *Will* v. *Michigan Dept. of State Police*, 491 US 58, 68-69 (1989) (claim for damages under civil rights statute, 42 U.S.C. § 1983, against the state or a state official sued in official capacity was barred).

---

*Title and Trust Co.*, 260 F. 2d 411 (7th Cir. 1958); *Austin* v. *Spaulding*, 2001 U.S. Dist. LEXIS 4955 (D.R.I. 2001).

[2] The contours of sovereign immunity do not change depending on whether the doctrine is invoked in federal or state court. *Alden* v. *Maine*, supra, 527 U.S. at 713.

Any claims directed against the State of Connecticut are barred by the Eleventh Amendment, depriving this Court of subject matter jurisdiction. *See Ward* v. *Murphy*, 330 F. Supp. 2d 83, 97-98 (D. Conn. 2004).

As noted above, there is no cause of action identified in the plaintiff's latest, August 22, 2005, amended complaint. Even if this court goes back to the original July 27, 2005 complaint there is no basis to for this court to exercise subject matter jurisdiction. The plaintiff lists several statutes, including: 18 U.S.C. §§ 241, 242 and 245, the Americans with Disabilities Act,[3] "Risk of Injury to Minor Children", and Racketeering Influenced and Corrupt Organizations (RICO). Assuming for the sake of argument that the plaintiff intends to plead these statutes as causes of action, none of these statutes provides a basis to maintain this action.

18 U.S.C. §§ 241, 242 and 245 are criminal statutes and are not a basis for civil liability. *Cok* v. *Consentino*, 876 F. 2d 1, 2 (1st Cir. 1989); *Aldabe* v. *Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980); *Sauls* v. *Bristol Meyers Co.*, 462 F. Supp. 887, 889-890 (S.D.N.Y. 1978); *Dugar* v. *Coughlin*, 613 F. Supp. 849 (S.D.N.Y. 1985). Risk of injury to a minor refers to a Connecticut criminal statute, Conn. Gen. Stat. §53-21 (attached). It is not a basis for civil liability and does not permit civil suit against the sovereign state.

"The legislative history of the RICO Act . . . fails to indicate that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Productions & Leasing* v. *Hotel Conquistador, Inc.*, 573 F. Supp. 717, 720 (D. Nev. 1982), Aff'd, 709 F. 2d 21 (9th Cir. 1983). *See Bair* v. *Krug*, 853 F. 2d 672 (9th Cir. 1988) (RICO claim barred by sovereign immunity); *Molina* v. *State of New York*, 956 F. Supp. 257, 260-261 (E.D.N.Y. 1996) ("without

---

[3] With reference to the ADA, see discussion, *infra*.

a clear showing that Congress intended abrogation of the Eleventh Amendment governmental immunity, this Court will not infer that the RICO Act deprives the State [] of its protection.", citing *Productions & Leasing*); *Gaines* v. *Texas Tech University*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) (RICO claims against state university dismissed under Eleventh Amendment); *McMaster* v. *Minnesota*, 819 F. Supp. 1429, 1434 (D. Minn. 1993), aff'd, 30 F. 3d 976 (8th Cir. 1994) (states not subject to suit under RICO, absent a state waiver of immunity).[4]

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. . . . Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority.'" *Board of Trustees* v. *Garrett*, 531 U.S. 356, 363 (2001). None of these statutes clearly abrogate sovereign immunity.

Although prospective injunctive relief is potentially available in order to enjoin state officials to conform their future conduct to the requirements of federal law; *see Ex Parte Young*, 209 U.S. 123 (1908); as far as the defendant can discern, the plaintiff does not alleged facts to establish that the defendant has violated federal law. Moreover, the injunctive relief sought by the plaintiff does not address any alleged violation of federal law. Accordingly, the *Ex Parte Young* doctrine is not applicable. *See generally* *Edelman* v. *Jordan*, 415 U.S. 651 (1974).

For these reasons, the plaintiff's claims are barred by sovereign immunity.

---

[4] In any event, the state, like a municipality, cannot form the required mens rea. *See Frooks* v. *Town of Cortlandt*, 997 F. Supp. 438 , 456-457 (S.D.N.Y. 1998), Aff'd, 182 F. 3d 899 ( 2nd Cir. 1999); *Brewer* v. *Village of Old Field*, 311 F. Supp. 2d 390, 398-400 (E.D.N.Y. 2004).

## II. ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OR IMPROPER VENUE.

### A. No Personal Jurisdiction.

When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state. *Dalmau Rodriguez* v. *Hughes Aircraft Co.*, 781 F. 2d 9, 10 (1st Cir. 1986). It is the responsibility of the plaintiff to make a prima facie showing of jurisdiction. *Rodriguez* v. *Fullerton Tires Corp.,* 115 F.3d 81, 83-84 (1st Cir.1997).

The proper exercise of specific in personam jurisdiction[5] hinges on satisfaction of two requirements: first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution. *Pritzker* v. *Yari,* 42 F.3d 53, 60 (1st Cir.1994). In Rhode Island, the long arm statute and the requirements of due process are co-extensive. *See Donatelli* v. *Nat'l Hockey League,* 893 F.2d 459 (1st Cir.1990); *Brian Jackson & Co.* v. *Eximias Pharm. Corp*, 248 F. Supp. 2d 31, 34-35 (D.R.I. 2003).

The Fourteenth Amendment's concern of fundamental fairness is achieved by the central requirement that certain "minimum contacts" exist between the defendant and the forum state. *International Shoe Co.* v. *State of Washington*, 326 U.S. 310, 316 (1945). This Circuit utilizes a three-part analysis to determine if sufficient contacts exist to exercise specific personal jurisdiction:

---

[5] The plaintiff's complaint is devoid of any basis to assert general jurisdiction, the standards for which are considerably more stringent than specific jurisdiction. *See Donatelli* v. *Nat'l Hockey League,* 893 F.2d 459, 462-63 (1st Cir.1990).

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Brian Jackson & Co.* v. *Eximias Pharm. Corp*, 248 F. Supp. 2d 31, 35 (D.R.I. 2003) (citing *Sawtelle* v. *Farrell*, 70 F. 3d 1381, 1389 (1st Cir. 1995)).

DCF is a department within the executive branch of the State of Connecticut. Conn. Gen. Stat. §§4-38c, 17a-2 and 17a-3. By statute DCF's mission is to serve the interests of neglected and abused children in Connecticut. The Department's offices are located within Connecticut. As a Connecticut state agency, the business of the agency is transacted in Connecticut. Similarly, the other agencies referenced in the complaint are located within Connecticut and their mission is to serve the interests of the State of Connecticut. *See* Conn. Gen Stat. §§ 4-38c, 3-129. The plaintiff's complaint is devoid of any allegation upon which personal jurisdiction could be based.

**B. ImproperVenue**

The venue statute, 28 USC § 1391 (b), provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Here, none of the parties reside in Rhode Island or have any connection with this jurisdiction. The matters contained in the plaintiff's complaint have no connection with this jurisdiction. In accordance with 28 U.S.C. § 1406 (a), the defendant respectfully requests that the action be dismissed.

**III. NO COGNIZABLE CLAIM.**

In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the complaint as true, and construe these facts in the light most favorable to the [plaintiff]." *Chongris* v. *Board of Appeals*, 811 F. 2d 36, 37 (1st Cir. 1987). However, the court must "eschew any reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" *Id.*, citing *Snowden* v. *Hughes*, 321 U.S. 1, 10 (1944).

The Americans with Disabilities Act (ADA) is a comprehensive statute that prohibits discrimination against individuals with disabilities. The ADA is alluded to, rather than plead, in the plaintiff's complaint. (Pl's 8/22/05 amended complaint, p. 3) She does not identify what title of the ADA she claims is applicable.[6] She does not appear to claim that she is disabled within the meaning of the ADA or that she was discriminated against on the basis of that disability. Even when the complaint is viewed in the light most favorable to the plaintiff, she has failed to allege disability status or any of the other necessary elements of an ADA claim. *See Parker* v. *Universidad de Puerto Rico*, 225 F. 3d 1, 4 (1st Cir. 2000).

---

[6] The Supreme Court has held that a Title I claim for money damages is barred by the Eleventh Amendment. *Board of Trustees* v. *Garrett*, 531 U.S. 356 (2001). See also *Buchanan* v. *Maine*, 366 F. Supp. 2d 169 (D. Maine 2005) (claim for damages under Title II claim barred). As noted above, it is not clear whether the plaintiff has pleaded an ADA claim or merely alluded to the statute. Furthermore, if the plaintiff intended to plead the ADA as a cause of action, it is unclear under what title she wishes to proceed. Because this court lacks personal jurisdiction over the

Although the plaintiff has listed several criminal statutes in her pleadings, as discussed above, none of these statutes provides a viable civil cause of action. The plaintiff has failed to state a cause of action upon which relief may be granted.

**IV. CLAIMS FOR RELIEF ARE NOT JUSTICIABLE.**

"Dual sovereignty is a defining feature of our Nation's constitutional blueprint." *FMC* v. *S.C. Ports Authority*, 535 U.S. 743, 751-752 (2002). "The seriousness of federal judicial interference with state civil functions has long been recognized by this Court. We have consistently required that when federal courts are confronted with requests for such relief, they should abide by standards of restraint that go well beyond those of private equity jurisprudence." *Huffman* v. *Pursue. Ltd.*, 420 U.S. 520, 603-604 (1975).

The Supreme Court has long held that injunctive relief is an "extraordinary remedy" that should not issue as a matter of course or to restrain acts whose injurious consequences are "merely trifling." *Weinberger* v. *Romero-Barcelo*, 456 U.S. 305, 311-312 (1982) (quoting *Consolidated Canal Co.* v. *Mesa Canal Co.*, 177 U.S. 296, 302 (1900)). Instead, an injunction "should issue only where the intervention of a court of equity 'is essential in order effectually to protect...rights against injuries otherwise irremediable.'" *Id.* at 312 (quoting *Cavanaugh* v. *Looney*, 248 U.S. 453, 456 (1919)). "[T]he principles of equity...militate heavily against the grant of an injunction except in the most extraordinary circumstances." *Rizzo* v. *Goode*, 423 U.S. 362, 379 (1976). Because an injunction is an exercise of equitable authority, courts "must sensitively assess all the equities of the situation, including the public interest." *Million Youth March, Inc.* v. *Safir*, 155 F. 3d 124, 125 (2nd Cir. 1998). See *Dean* v. *Coughlin*, 804 F. 2d 207, 213 (2nd Cir.

---

defendant and for the other reasons stated above there is no need, at this time, to address

1986) (Second Circuit has "cautioned . . . not to use a sledgehammer where a more delicate instrument will suffice . . . .")

We long have recognized that the separation of powers "is one of the fundamental principles of the American and Connecticut constitutional systems." *Stolbert* v. *Caldwell*, 175 Conn. 586, 598 (1978), *appeal dismissed sub nom.*, 454 U.S. 958 (1981). *See Board of Education* v. *Naugatuck*, 257 Conn. 409, 424 (2001). As expressed by Chief Justice Warren Burger in his concurring opinion, "the essential purpose of the separation of powers is to allow for independent functioning of each coequal branch of government within its assigned sphere of responsibility, free from risk of control, interference, or intimidation by other branches." *Nixon* v. *Fitzgerald*, 457 U.S. 731, 760-761 (1982).

The plaintiff apparently asks for this Court to order that the assistant attorney general who prosecuted the plaintiff's child welfare case and certain former state officials be criminally prosecuted. Prosecutorial authorities enjoy broad discretion. *State* v. *Kinchen*, 243 Conn. 690 (1998). It is beyond the appropriate scope of this court's authority to direct Connecticut prosecutorial authorities to prosecute the named individuals. The exercise of prosecutorial discretion is at the very core of the executive function and is presumptively unreviewable. See *State* v. *Smith*, 178 F. 3d 22 (1st Cir. 1999), *cert. denied*, 528 U.S. 910 (1999); *State* v. *Kinchen*, 243 Conn. 690 (1998).

The plaintiff requests, *inter alia*, that this court establish a research facility, disband a state agency (DCF), and order that all statutes related to DCF be stricken.[7] These sweeping

---

whether sovereign immunity is a bar to the ADA claim if, in fact, that claim is being asserted.

[7] The plaintiff references the fact that custody of her children was awarded to her ex-husband. To the extent, if at all, that the plaintiff seeks to collaterally attack the state court judgment, such

demands are matters that are committed to the discretion of the executive branch of state government. Even if the plaintiff could establish a basis for liability and even if the proposed relief had some relationship with the alleged harm done to the plaintiff, it is respectfully submitted that this court should refrain from granting the requested relief.

**CONCLUSION:**

For the reasons stated above, the defendant respectfully moves for dismissal of this action.

---

a challenge is barred. *Rooker* v. *Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia*

STATE OF CONNECTICUT

DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /S/____________________

John E. Tucker
Assistant Attorney General
Office of the Attorney General
State of Connecticut
Federal Bar No. ct 04576
110 Sherman Street
Hartford, CT 06105
E-mail: John.Tucker@PO.State.CT.US
Tel: (860) 808-5480
Fax: (860) 808-5595

LOCAL ASSOCIATE COUNSEL

BY: /S/____________________

James R. Lee
Assistant Attorney General
Department of the Attorney General
State of Rhode Island
R.I. Bar No. 4305
150 South Main Street
Providence, RI 02903
Tel: 274-4400
Fax: 222-2995

---

*Court of Appeals* v. *Feldman*, 460 U.S. 462 (1983).

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 15th day of November, 2005, first class postage prepaid to:

Ms. Kathleen M. Dickson
23 Garden Street
Pawcatuck, CT 06379
(Plaintiff)

John E. Tucker
Assistant Attorney General

**operators. Throwing or shooting at trains, engines, motor units, railroad cars; injury or destruction. Binding, or administering drugs with intent to commit crime.** Sections 53-11 to 53-19, inclusive, are repealed.

(1949 Rev., S. 8352–8358, 8360, 8520; 1961, P.A. 210; 1969, P.A. 144, S. 1; 327; 828, S. 214; 1971, P.A. 871, S. 129.)

See Sec. 53-202 re machine guns.
See Sec. 53a-7 re effect of intoxication.
See Secs. 53a-111, 53a-112 re arson.
See Sec. 53a-134 re first degree robbery.
See chapter 952, parts IV and V re homicide and assault and related offenses, respectively.

**Sec. 53-20. Cruelty to persons.** Any person who tortures, torments, cruelly or unlawfully punishes or wilfully or negligently deprives any person of necessary food, clothing, shelter or proper physical care; and any person who, having the control and custody of any child under the age of sixteen years, in any capacity whatsoever, maltreats, tortures, overworks, cruelly or unlawfully punishes or wilfully or negligently deprives such child of necessary food, clothing, or shelter shall be fined not more than five hundred dollars or imprisoned not more than one year or both.

(1949 Rev., S. 8368.)

Formerly trial justice could take final jurisdiction of offense against section. 115 C. 600. The word "unlawfully" does not connote "inhuman or barbarous treatment", but should be construed within the rule of statutory construction that a general word, following a particular enumeration, is intended to apply only to matters of the same general character. 165 C. 288, 293.

Cited. 26 CS 316. Cited. 37 CS 664, 665, 670.

Cited. 4 Conn. Cir. Ct. 571. Evidence that defendant, mother of premature twin babies, failed to obtain medical aid or other care for them was sufficient to support jury's verdict holding her guilty of crime of cruelty to persons upon death of one and severe illness of other child. 5 Conn. Cir. Ct. 698.

**Sec. 53-21. Injury or risk of injury to, or impairing morals of, children. Sale of children.** (a) Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child, or (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child, or (3) permanently transfers the legal or physical custody of a child under the age of sixteen years to another person for money or other valuable consideration or acquires or receives the legal or physical custody of a child under the age of sixteen years from another person upon payment of money or other valuable consideration to such other person or a third person, except in connection with an adoption proceeding that complies with the provisions of chapter 803, shall be guilty of a class C felony for a violation of subdivision (1) or (3) of this subsection and a class B felony for a violation of subdivision (2) of this subsection.

(b) The act of a parent or agent leaving an infant thirty days or younger with a designated employee pursuant to section 17a-58 shall not constitute a violation of this section.

(1949 Rev., S. 8369; P.A. 95-142, S. 1; P.A. 97-147, S. 1; P.A. 00-207, S. 6; P.A. 02-138, S. 4.)

History: P.A. 95-142 designated existing provisions as Subdiv. (1) and amended said Subdiv. to make technical changes, added Subdiv. (2) re contact with the intimate parts of a child or subjecting a child to contact with the intimate parts of the actor, in a sexual and indecent manner likely to impair the health or morals of the child, and specified that a person who commits the proscribed acts "shall be guilty of a class C felony" rather than "shall be fined not more than five hundred dollars or imprisoned not more than ten years or both"; P.A. 97-147 added Subdiv. (3) re permanently transferring, or acquiring or receiving, the legal or physical custody of a child for money or other valuable consideration; P.A. 00-207