UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATHLEEN M. DICKSON, and on behalf of Lara E. Dickson, Diane M. Dickson, David D. Dickson, et al., and on behalf of all Families and Children of the State of Connecticut, Plaintiffs, | : | |
| v. | : | CA 05-328 T |
| STATE OF CONNECTICUT, Defendant. | : | |

**ORDER**
**DENYING MOTION FOR ADVICE**

Before the court is Plaintiff's Motion for Advice (Document ("Doc.") #24) ("Motion"). By the Motion, Plaintiff appears to request two things. First, Plaintiff appears to seek reconsideration of the denial of her motion for appointment of counsel. See Motion at 4 ("The non-approval of counsel is the equivalent of not allowing the Plaintiff to bring action against the State of CT ...."). Second, Plaintiff asks for a referral to another court and for "an explanation. If the District of Rhode Island is not appropriate ... where is the best place?" Id.

The court has already issued a written order explaining its reasons for denying her motion for appointment of counsel. See Order Denying Motion for Appointment of Counsel (Doc. #10) (denying motion because the court lacks jurisdiction and stating that "[t]he claims alleged in the action have no connection to the District of Rhode Island.").[1] Therefore, to the extent the

[1] There are additional reasons for denying Plaintiff's request for the appointment of counsel. First, "there is no constitutional right to appointed counsel in a civil case." Maroni v. Pemi-Baker Regional School District, 346 F.3d 247, 257 (1st Cir. 2003); see also Cookish v. Cunningham, 787 F.2d 1, 2-3 (1st Cir. 1986)(noting that an indigent litigant must demonstrate exceptional circumstances for appointment of

Motion seeks a reconsideration of the court's ruling denying Plaintiff's motion for appointment of counsel,[2] the Motion is denied.

To the extent the Motion seeks referral of this case to another district, the Motion is denied because the court sees no basis for such a referral. To the extent the Motion seeks legal advice from this court as to where the action could be brought, Plaintiff's request for legal advice is denied. See Doe v. Dep't of the Navy, 764 F.Supp. 1324, 1326 (N.D. Ind. 1991)("It is certainly not this court's proper function to give legal advice to a pro se plaintiff ...."); see also Pliler v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants."). Providing Plaintiff with advice as to where or how this matter could be litigated would undermine the court's role as an impartial decision maker. See Pliler v. Ford, 542 U.S. at 231, 124 S.Ct. at 2446.

Accordingly, for the reasons stated above, **the Motion is DENIED.**

---

counsel and that district court is to consider merits of claim and make a determination whether it is colorable). Second, although the court may appoint counsel for Americans with Disabilities Act plaintiffs, the Act does not confer an absolute right to appointed counsel, and the decision whether to do so lies solely in the discretion of the court. See Donohoe v. Food Lion Stores, Inc., 253 F.Supp.2d 1319, 1321 (N.D. Ga. 2003). In evaluating motions for appointment of counsel in Title VII cases, courts have identified three factors to be considered: 1) plaintiff's ability to afford counsel, 2) plaintiff's diligence in searching for counsel, and 3) the merits of plaintiff's case. See id. Here, even assuming Plaintiff could satisfy the first two factors, the merits of her case do not warrant the appointment of counsel.

[2] Chief Judge Torres has already considered and denied Planitiff's appeal of the Order Denying Motion for Appointment of Counsel. See Doc. #19.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
December 13, 2005

BY ORDER:

Deputy Clerk