UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**FILED**

JAN 1 2 2006

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

KATHLEEN M. DICKSON, and           :
on behalf of Lara E. Dickson,      :
Diane M. Dickson, David D.         :
Dickson, et al., and on behalf     :
of all Families and Children       :
of the State of Connecticut,       :
                    Plaintiffs,    :
                                   :
          v.                       :          CA 05-328 T
                                   :
STATE OF CONNECTICUT,              :
                    Defendant.     :


## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

     Before the court is the Motion to Dismiss (Document ("Doc.")
#21) ("Defendant's Motion to Dismiss") filed by Defendant State
of Connecticut ("Defendant" or "Connecticut").  Plaintiff
Kathleen M. Dickson ("Plaintiff") has filed a response entitled
Motion to Dismiss Defendant's Motions (Doc. #23) ("Plaintiff's
Motion to Dismiss").

     This matter has been referred to me for preliminary review,
findings, and recommended disposition pursuant to 28 U.S.C. §
636(b)(1)(B) and D.R.I. Local R. 32(c).  The court has determined
that no hearing is necessary.  For the reasons stated herein, I
recommend that Defendant's Motion to Dismiss be granted and that
Plaintiff's Motion to Dismiss be denied.

I.   **Facts and Travel**

     On July 28, 2005, Plaintiff filed a thirty-five page typed
Complaint (Doc. #1), with accompanying exhibits.  See Docket.
This was followed on August 4, 2005, by a twenty page typed
Amended Complaint and Motion (Docs. #2 and #3).  Plaintiff
subsequently filed another amended complaint on August 22, 2005,



which was thirty-one typed pages in length and was accompanied by
a large number of exhibits.  <u>See</u> Amended Complaint (Doc. #4)
("Second Amended Complaint"); <u>see also</u> Docket.   However,
Plaintiff failed to obtain permission to file this Second Amended
Complaint as required by Federal Rule of Civil Procedure 15(a).[1]
Therefore, the court bases this Report and Recommendation on the
allegations contained in the Amended Complaint (Doc. #2) and not
on those in the Second Amended Complaint (Doc. #4).[2]  <u>See</u>
<u>Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.</u>,
209 F.3d 18, 24 n.4 (1st Cir. 2000)(stating that pro se parties
are not excused from compliance with procedural rules).

Turning now to the Amended Complaint (Doc. #2),[3] as best the

---

[1] Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a)
provides in relevant part:

> A party may amend the party's pleading **once as a matter of**
> **course** at any time before a responsive pleading is served or,
> if the pleading is one to which no responsive pleading is
> permitted and the action has not been placed upon the trial
> calendar, the party may so amend it at any time within 20 days
> after it is served.  **Otherwise a party may amend the party's**
> **pleading only by leave of court** ....

Fed. R. Civ. P. 15(a) (bold added).

[2] However, even if the court were to utilize the allegations
contained in Plaintiff's Second Amended Complaint (Doc. #4), the
result would be the same.  The Second Amended Complaint similarly
alleges numerous wrongs being committed in Connecticut by Connecticut
actors (or actors in states other than Rhode Island).  Consequently,
there is no basis for this court to exercise jurisdiction over the
matters pled therein.  <u>See</u> Second Amended Complaint; <u>see also</u> <u>Mills v.</u>
<u>Brown</u>, 372 F.Supp.2d 683, 687 (D.R.I. 2005).

[3] An amended complaint normally is treated as completely
replacing the original complaint.  <u>See</u> <u>Cicchetti v. Lucey</u>, 514 F.2d
362, 366 n.5 (1st Cir. 1975); <u>see also</u> <u>Austin v. Spaulding</u>, C.A. No.
00-104 T, 2001 U.S. Dist. LEXIS 4955, at *3 (noting that amended
complaint superceded original complaint and rendered original
complaint of no legal effect)(citing <u>King v. Dogan</u>, 31 F.3d 344, 346
(5th Cir. 1994); <u>Cicchetti v. Lucey</u>, 514 F.2d 362, 366 n.5 (1st Cir.
1975); <u>Lubin v. Chicago Title & Trust Co.</u>, 260 F.2d 411, 413 (7th Cir.
1958)).  Despite occasional references to the original Complaint in

court can determine, Plaintiff's claims appear to fall into two general categories.   The larger group of claims involves allegations that the State of Connecticut, Yale University, the Centers for Disease Control, a number of pharmaceutical companies, the American Lyme Disease Foundation, and others are fraudulently denying persons afflicted with Lyme Disease effective treatment.   Plaintiff refers to this activity as "the Lyme disease racket ...."[4]  Amended Complaint at 8.   A smaller group of claims seems to relate to the alleged mistreatment of Plaintiff and other persons, including children, by the State of Connecticut's Department of Mental Health, Department of Health, and Department of Children and Families.   Plaintiff states that "due to the total corruption in the State of Connecticut ... this complaint must be prosecuted from another jurisdiction of the federal government."   Id. at 15-16.

Defendant's Motion to Dismiss (Doc. #21) was filed on November 15, 2005.   On November 21, 2005, Plaintiff's Motion to Dismiss (Doc. #23) was filed.   Both motions were referred to this Magistrate Judge on December 7, 2005, for findings and recommendations.

## II.   Discussion

Defendant moves for dismissal of this action pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), (2), (3), and (6) based upon lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim upon

---

the Amended Complaint, see Amended Complaint at 2, 7, 10, Plaintiff has not explicitly incorporated the original complaint, see King v. Dogan, 31 F.3d at 346 ("An amended complaint supercedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

[4] Plaintiff states that she is an analytical chemist who was formerly employed by the pharmaceutical company Pfizer.  See Amended Complaint at 16.

which relief can be granted.  See Defendant's Motion to Dismiss
at 1.  In addition, Defendant argues that Plaintiff's claims are
not justiciable.  See Memorandum of Law in Support of Defendant's
Motion to Dismiss ("Defendant's Mem.") at 9-11.  Because the
court concludes that dismissal is warranted due to a lack of
subject matter and personal jurisdiction, the court need not
address Defendant's other arguments.

### A.    Subject Matter Jurisdiction

In ruling on a motion to dismiss for lack of subject matter
jurisdiction under Fed. R. Civ. P. 12(b)(1), a court must
construe the complaint liberally, treat all well-pleaded facts as
true, and indulge all reasonable inferences in favor of the
plaintiff.  See Aversa v. United States, 99 F.3d 1200, 1209-10
(1st Cir. 1996); Murphy v. United States, 45 F.3d 520, 522 (1st
Cir. 1995).  "A plaintiff, however, may not rest merely on
unsupported conclusions or interpretations of law.  [S]ubjective
characterizations or conclusory descriptions of a general
scenario which could be dominated by unpleaded facts will not
defeat a motion to dismiss."  Murphy, 45 F.3d at 522 (alteration
in original)(internal quotation marks and citation omitted).  It
is Plaintiff's burden to prove the existence of subject matter
jurisdiction.  See Murphy, 45 F.3d at 522; see also Palazzolo v.
Ruggiano, 993 F.Supp. 45, 46 (D.R.I. 1998)("Once a defendant
challenges a court's subject matter jurisdiction, the plaintiff
has the burden of establishing that jurisdiction exists.").

Defendant correctly notes that Plaintiff's Amended Complaint
does not contain "a short and plain statement of the grounds upon
which the court's jurisdiction depends."  Defendant's Mem. at 2
(citing Fed. R. Civ. P. 8(a)[5]); see also Mills v. Brown, 372

---

[5] Fed. R. Civ. P. 8(a) provides in relevant part:

(a) Claims for Relief.  A pleading which sets forth a claim

F.Supp.2d 683, 688 (D.R.I. 2005)("A party seeking relief in a district must *at least* plead facts which bring the action within the court's jurisdiction.")(citing Fed. R. Civ. P. 8(a)(1)). Regarding jurisdiction, Plaintiff states that "due to the total corruption in the State of Connecticut ... this complaint must be prosecuted from another jurisdiction ...." Amended Complaint at 15-16.[6]

The court on November 16, 2005, directed Plaintiff to file by December 7, 2005, a Motion for Leave to File a Second Amended Complaint and to attach to the motion a copy of her proposed amended complaint, which was to be a complete document that could be fully understood without reference to other filings and which complied with Fed. R. Civ. P. 8(a). See Order to File Motion for Leave to Amend (Doc. #20). She failed to do so.[7] See Docket.

--------

for relief ... shall contain **(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief**, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a) (bold added).

[6] Plaintiff further states that "the State of Connecticut Department of Mental Health and Addiction Services blatantly does not recognize Lyme neuroborreliosis or Autism, which are among the reasons this complaint was moved to another US federal district court." Amended Complaint at 2. Plaintiff alleges that she is disabled due to "High Functioning Autism and Lyme Disease ...." Id. at 1.

[7] Plaintiff on December 27, 2005, resubmitted her Motion to Dismiss Defendant's Motions ("Plaintiff's Motion to Dismiss"), along with a cover letter dated December 19, 2005. See Doc. #27. The letter states in its entirety: "The judge acts like he did not receive this reply? Did the judge not receive a copy of this? I mailed it on Nov[.] 21, 2005." Id. The letter is signed by "KM Dickson." Id. It is not clear to the court whether Plaintiff intended this document to be her response to the court's Order to File Motion for Leave to Amend (Doc. #20). In any event, Plaintiff's Motion to Dismiss does not comply with that order or with Fed. R. Civ. P. 8(a). See Order to File Motion for Leave to Amend; Plaintiff's Motion to Dismiss; see also Mills v. Brown, 372 F.Supp.2d 683, 692 (D.R.I. 2005)("Although

Accordingly, her Motion to Amend was denied on December 13, 2005.
See Order Denying Motion to Amend (Doc. #25).

The court assumes, for purposes of this Report and
Recommendation, that Plaintiff intends to allege federal question
jurisdiction, see 28 U.S.C. § 1331.[8]  "[F]or federal question
jurisdiction to exist, a controverted question of federal law
must form a substantial part of the plaintiff's case."  Mills,
372 F.Supp.2d at 688.  Although Plaintiff in her Amended
Complaint refers to the Americans with Disabilities Act ("ADA"),
see Amended Complaint at 2, the Racketeering Influenced and
Corrupt Organizations Act ("RICO"), see id. at 2, 8, 13, and the
Fifth Amendment to the United States Constitution, see id. at 2,
such passing references are not sufficient to sustain her burden
of establishing subject matter jurisdiction, see Murphy, 45 F.3d
at 522.[9]  Plaintiff makes only general allegations that her
rights under the ADA, RICO, and the Fifth Amendment were violated

---

... pleadings filed by pro se litigants are held to less stringent
standards than formal pleadings drafted by lawyers, all litigants,
including those filing pro se, have an obligation to comply with court
orders and with the Federal Rules of Civil Procedure.")(internal
quotation marks and citations omitted).

[8] The pertinent statute provides that "[t]he district courts
shall have original jurisdiction of all civil actions arising under
the Constitution, laws, or treaties of the United States."  28 U.S.C.
§ 1331.

[9] In her original Complaint (Doc. #1), which has been superceded
by the Amended Complaint, see n.3, Plaintiff additionally refers to
criminal statutes, see Complaint at 1 (listing 18 U.S.C. §§ 241, 242,
245 and the Connecticut statute prohibiting risk of injury to minors,
Conn. Gen. Stat. § 53-21).  However, these statutes do not give rise
to a civil action for damages, see Cok v. Cosentino, 876 F.2d 1, 2 (1st
Cir. 1989), and, therefore, cannot confer subject matter jurisdiction
on this court.  Plaintiff also makes passing reference to the First
Amendment and to 42 U.S.C. § 1983.  See Complaint at 24.  The Second
Amended Complaint (Doc. #4), which was filed without leave of court,
see Section I supra at 2, cites the same statutes and constitutional
amendments as Plaintiff's Complaint and Amended Complaint, see Second
Amended Complaint at 2-3.

without alleging facts pertaining to how Defendant violated those rights.  See Mills, 372 F.Supp.2d at 687; see also, e.g., Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)("The complaint makes only bare and conclusory allegations regarding the appellees' collective racketeering activity and fails to specifically identify the requisite predicate acts or a pattern of racketeering activity indicating dates, times, and places as required by 18 U.S.C. § 1862.").  Even reading Plaintiff's Amended Complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), due to her pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir. 1997)(noting obligation to construe pro se pleadings liberally)(citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)), her allegations do not provide a basis for this court to exercise subject matter jurisdiction over her claims, see Mills, 372 F.Supp.2d at 687 ("Plaintiff has neither alleged, nor demonstrated the basic grounds upon which such allegations must be founded in order to pass jurisdictional muster ....");  cf. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)(noting that "pro se status does not insulate a party from complying with procedural and substantive law.  The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled.  This is distinct from the case at hand, in which the formal elements of the claim were stated without the requisite supporting facts.")(citation omitted).  "Failure to plead such facts warrants dismissal of the action." Mills, 372 F.Supp.2d at 688 (citing Fed. R. Civ. P. 12(h)(3)[10]).

---

[10] According to Fed. R. C. P. 12(h), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ.

In addition, Plaintiff does not, and is unable to, allege diversity of citizenship in order to allow this court to exercise jurisdiction pursuant to 28 U.S.C. § 1332.[11]  Although the Amended Complaint contains no statement of Plaintiff's citizenship, it reflects a Connecticut address for Plaintiff, see Amended Complaint at 20.  Further, the Amended Complaint purports to be brought "on behalf of all Families and Children of the State of Connecticut." Amended Complaint at 1.  Accordingly, the court concludes that there is no diversity of citizenship between Plaintiff, a resident of Connecticut, and Defendant, Connecticut, and that, as a result, subject matter jurisdiction based on diversity jurisdiction does not exist.  See Mills, 372 F.Supp.2d at 688 ("Given Plaintiff's obvious inability to allege diversity of citizenship between the parties, this Court must conclude that diversity jurisdiction does not exist ....").

Plaintiff's allegation of "total corruption in the State of Connecticut," Amended Complaint at 15, is not a basis for this court to exercise jurisdiction over the action.  The court, therefore, concludes that subject matter jurisdiction is lacking and recommends that Defendant's Motion to Dismiss be granted on

---

P. 12(h)(3).

[11] Section 1332 provides, in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

this basis.  See Mills, 372 F.Supp.2d at 688 ("Plaintiff has made
no allegations to support a federal cause of action, and this,
together with Plaintiff's failure to plead diversity of
citizenship, leaves this Court no alternative but to grant
Defendants' motions to dismiss.").

   **B.   Personal jurisdiction**

   "To hear a case, a court must have personal jurisdiction
over the parties, 'that is, the power to require the parties to
obey its decrees.'"  Daynard v. Ness, Motley, Loadholt,
Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)(quoting
United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir.
1999)).  It is Plaintiff's burden to prove that the court
possesses personal jurisdiction over Defendant.  See id.

> It is well settled in this Circuit that courts use the
> *prima facie* standard to determine whether personal
> jurisdiction is appropriate.  Under the *prima facie*
> standard, plaintiff must make the showing as to every
> fact required to satisfy both the forum's long-arm
> statute and the due process clause of the Constitution.

Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F.Supp.2d 31, 34
(D.R.I. 2003)(citations and internal quotation marks omitted);
see also Daynard, 290 F.3d at 51.  "A district court may exercise
authority over a defendant by virtue of either general or
specific [personal] jurisdiction."  Daynard, 290 F.3d at 51
(quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar. Ass'n,
142 F.3d 26, 34 (1st Cir. 1998))(alteration in original); see
also Brian Jackson & Co., 248 F.Supp.2d at 35.

   **1.   General Jurisdiction**

   "General jurisdiction exists when the defendant has engaged
in 'continuous and systematic activity' in the forum, even if the
activity is unrelated to the suit."  Id. (quoting United Elec.,
Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d
1080, 1088 (1st Cir. 1992)).  "The continuous and systematic

requirement has been characterized as being satisfied when the defendant's forum contacts are extensive and pervasive." <u>Barry v. Mortgage Servicing Acquisition Corp.</u>, 909 F.Supp. 65, 75 (D.R.I. 1995)(citation and internal quotation marks omitted).

The Amended Complaint contains no allegations that Defendant has engaged in "continuous and systematic activity," <u>Daynard</u>, 290 F.3d at 51, in the forum state, Rhode Island, or that "extensive and pervasive," <u>Barry</u>, 909 F.Supp. at 75, contacts between Connecticut and Rhode Island exist.  In fact, aside from references to the "Rhode Island federal court," Amended Complaint at 2, and the "federal court in Rhode Island," <u>id.</u> at 16, there is no mention of Rhode Island in the Amended Complaint.  Accordingly, this court cannot exercise general jurisdiction over Defendant.

## 2.  Specific Jurisdiction

Specific jurisdiction applies where "the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." <u>United Elec., Radio & Mach. Workers of Am.</u>, 960 F.2d at 1088-89.  For a court properly to exercise specific personal jurisdiction over the defendant, the requirements of both the state's long-arm statute and the United States Constitution must be satisfied.  See <u>Barrett v. Lombardi</u>, 239 F.3d 23, 26 (1st Cir. 2001); <u>Pritzker v. Yari</u>, 42 F.3d 53, 60 (1st Cir. 1994).  The Rhode Island long-arm statute, as interpreted by the Supreme Court of Rhode Island, is coextensive with federal due process mandates.  See <u>Levinger v. Matthew Stuart & Co., Inc.</u>, 676 F.Supp. 437, 439 (D.R.I. 1988)(citing <u>Conn v. ITT Aetna Fin. Co.</u>, 252 A.2d 184, 186 (R.I. 1969)); <u>see also</u> <u>Brian Jackson & Co.</u>, 248 F.Supp.2d at 34-35; <u>Microfibres, Inc. v. McDevitt-Askew</u>, 20 F.Supp.2d 316, 320 (D.R.I. 1998).  Therefore, Fourteenth Amendment due process requirements determine the exercise of personal jurisdiction in the District of Rhode

Island.  See Levinger, 676 F.Supp. at 439; Northeastern Land
Servs., Ltd. v. Schulke, 988 F.Supp. 54, 57 (D.R.I. 1997); see
also Hainey v. World AM Communications, Inc., 263 F.Supp.2d 338,
341 (D.R.I. 2003).

"Due process demands minimum contacts between a nonresident
defendant and the forum such that the maintenance of the suit
does not offend 'traditional notions of fair play and substantial
justice.'"  Northeastern Land Servs., Ltd., 988 F.Supp. at 57
(citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct.
154, 158, 90 L.Ed. 95 (1945)).  The First Circuit applies a
three-part analysis in evaluating minimum contacts.  See Phillips
Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288
(1st Cir. 1999); Sawtelle v. Farrell, 70 F.3d 1381, 1388-89 (1st
Cir. 1995).

> First, the claim underlying the litigation must directly
> arise out of, or relate to, the defendant's forum-state
> activities.  Second, the defendant's in-state contacts
> must represent a purposeful availment of the privilege of
> conducting activities in the forum state, thereby
> invoking the benefits and protections of that state's
> laws and making the defendant's involuntary presence
> before the state's courts foreseeable.  Third, the
> exercise of jurisdiction must, in light of the Gestalt
> factors, be reasonable.

Sawtelle, 70 F.3d at 1389 (quoting United Elec., Radio & Mach.
Workers of Am., 960 F.2d at 1089).  The Gestalt factors are: "(1)
the defendant's burden of appearing; (2) the forum state's
interest in adjudicating the dispute; (3) the plaintiff's
interest in obtaining convenient and effective relief; (4) the
judicial system's interest in obtaining the most effective
resolution of the controversy; and (5) the common interests of
all sovereigns in promoting substantive social policies," id.
(citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, 105
S.Ct. 2174, 2184-85, 85 L.Ed.2d 528 (1985)).

## a. Relatedness

The first of the three requirements for specific jurisdiction centers "on the causal nexus between [the defendant's] forum-based contacts and the harm underlying [the plaintiff's] complaint." <u>Northeastern Land Servs., Ltd.</u>, 988 F.Supp. at 57-58; <u>see also</u> <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 206 (1st Cir. 1994)(same). Plaintiff here has failed to show a causal nexus between any contacts between Defendant, the State of Connecticut, and the forum, Rhode Island and the harms alleged in the Amended Complaint. Indeed, the Amended Complaint contains no references whatsoever to contacts between Connecticut (or any of its agencies) and Rhode Island.[12]

---

[12] Even were the court to consider the original Complaint (Doc. #1), <u>see</u> n.3, that document contains scant reference to Rhode Island. Plaintiff states that she:

> submitted testimony to the April 2002 Rhode Island Tick Borne Diseases Commission regarding the fraud of Lyme disease, with substantiating documentation, entitled "The Rhode Island Tick Borne Diseases Management Plan." Rhode Island passed legislation protecting physicians from the Organized Crime and Racketeering-Influenced Corruption as regards Lyme Disease .... Instead of the Plaintiff KM Dickson's Tick Borne Diseases Management Plan being adopted by the State of Rhode Island, it was adopted by commercial interests in Rhode Island.

Complaint at 9-10. This passage hardly demonstrates a "causal nexus between [the defendant's] forum-based contacts and the harm underlying [the plaintiff's] complaint." <u>Northeastern Land Servs., Ltd. v. Schulke</u>, 988 F.Supp. 54, 57-58 (D.R.I. 1997).

Plaintiff fares no better if the Second Amended Complaint (Doc. #4) is considered, <u>see</u> Section I <u>supra</u> at 2. Aside from mentioning the filing of this action in the District of Rhode Island, the Second Amended Complaint contains three references to Rhode Island: the "RI Tick Borne Diseases Management Plan," Second Amended Complaint at 16; a "2001 South County RI 'Diseases of Summer' conference," <u>id.</u>; and "the Management Plan for the State of Rhode Island Tick Borne Diseases Commission in a hearing held in Rhode Island in April 2002," <u>id.</u> at 19. The above notations fail to demonstrate a basis for exercising specific jurisdiction over Defendant.

### b. Purposeful Availment

The second component of the three part test, purposeful availment, serves "to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." <u>Sawtelle</u>, 70 F.3d at 1391 (quoting <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984)); <u>see also</u> <u>Burger King Corp.</u>, 471 U.S. at 475, 105 S.Ct. at 2183 (explaining that defendant's contacts must qualify as "invoking the benefits and protections of [the forum state's] laws"). The goal is to identify in-state activity "that would make the exercise of jurisdiction fair, just, or reasonable." <u>Rush v. Savchuk</u>, 444 U.S. 320, 329, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980). The kind of purposeful availment necessary in the First Circuit requires in-state conduct by the defendant which is both **voluntary** and which makes it reasonably **foreseeable** that the defendant might be sued in the forum. See <u>Ticketmaster-New York, Inc.</u>, 26 F.3d at 207.

The voluntariness element requires that there be evidence of "a voluntary decision by the defendant to inject itself into the local economy as a market participant." <u>Brian Jackson & Co.</u>, 248 F.Supp.2d at 35-36. The foreseeability component requires that a defendant have "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." <u>Burger King Corp.</u>, 471 U.S. at 472, 105 S.Ct. at 2182 (citing <u>Shaffer v. Heitner</u>, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977)(Stevens, J., concurring in judgment)) (alteration in original). When a defendant intentionally directs activities at the forum state which relate to the alleged claims, there is such fair warning. See <u>id.</u> (quoting <u>Keeton</u>, 465 U.S. at 774, 104 S.Ct. at 1478, and <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d

404 (1984)).

Here, there is nothing in the Amended Complaint which demonstrates that Defendant Connecticut engaged in any conduct with reference to the forum state, Rhode Island, which qualifies as "invoking the benefits and protections of [the forum state's] laws," Burger King Corp., 471 U.S. at 475, 105 S.Ct. at 2183. Nor has Plaintiff alleged any contact which would have given Connecticut "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." Id. at 472, 105 S.Ct. at 2182. Accordingly, the court concludes that Plaintiff has not met her burden of demonstrating that this court's exercise of personal jurisdiction over Connecticut would be appropriate. See Brian Jackson & Co., 248 F.Supp.2d at 34.

### c. Gestalt Factors

The third prong of the personal jurisdiction analysis, the Gestalt factors, arises after the establishment of minimum contacts and centers on whether the exercise of jurisdiction is reasonable. See Burger King Corp., 471 U.S. at 476-77, 105 S.Ct. at 2184. Reasonableness equates with "fair play and substantial justice." Id. (citing Int'l Shoe Co., 326 U.S. at 320, 66 S.Ct. at 160). As the court has concluded that the elements of relatedness and purposeful availment of the test for specific jurisdiction have not been satisfied, discussion of the Gestalt factors is unnecessary. See Sawtelle, 70 F.3d at 1394 ("[A] failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness ...."); United Elec., Radio & Mach. Workers of Am., 960 F.2d at 1091 n.11 ("The Gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled.").

### III. Summary

Because the court has concluded that it lacks jurisdiction over the subject matter and Defendant, the court need go no

14

further.  See Mills v. Brown, 372 F.Supp.2d 683, 691 (D.R.I. 2005)("Here, this Court having concluded that Plaintiff has simply failed to assert subject matter jurisdiction in its most basic form, need not and may not go further."); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)("To hear a case, a court must have personal jurisdiction over the parties, that is, the power to require the parties to obey its decrees.")(citation and internal quotation marks omitted).  Accordingly, the court declines to address Defendant's other grounds for dismissal and recommends dismissal based on the lack of subject matter and personal jurisdiction.

**IV.  Conclusion**

For the reasons stated above, I recommend that Defendant's Motion to Dismiss be granted and that Plaintiff's Motion to Dismiss be denied.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

The recommendation is hereby accepted.

Ernest C. Torres
Chief, US District Judge
Date: 2/9/06

DAVID L. MARTIN
United States Magistrate Judge
January 12, 2006

15